IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BETA HEALTH ALLIANCE MD PA and ALLIED GROUP MD PA**, §§§§§<br><br>Plaintiffs,<br><br>v.<br><br>**THE MUKORO AND ASSOCIATES LAW FIRM and JOHN O. MUKORO,**<br><br>Defendants. | Civil Action No. **3:09-CV-1401-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Motion to Reconsider Order Striking Defendant's Original Answer and Amended Defendant's Original Answer, filed January 27, 2010. After carefully considering the motion, record, and applicable law, the court **grants** Motion to Reconsider Order Striking Defendant's Original Answer.

**I.   Background**

Plaintiffs Beta Health Alliance MD PA d/b/a Medcentra, Associated Medical Providers, and Allied Group MD, PA (collectively, "Plaintiffs"), filed their Original Complaint on July 29, 2009. Plaintiffs brought claims against Defendants the Mukoro and Associates Law Firm ("Mukoro and Associates") and John O. Mukoro ("Mukoro") (collectively, "Defendants"). Plaintiffs assert violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, as well as state law claims of professional negligence, breach of written contracts, tortious interference with contract, money had and received, fraud, negligent misrepresentation, breach of duty of good faith

and fair dealing and breach of fiduciary duty, theft of services, unjust enrichment, quantum meruit, vicarious liability, and negligence.

Defendants answered on August 24, 2009. In December 2009, the court received notice that Defendant Mukoro, who represented himself and Mukoro and Associates, had been suspended by the State Bar of Texas. On December 4, 2009, the court ordered Mukoro and Associates to retain counsel by January 8, 2010; it also ordered Mukoro to file a notice by the same date stating whether he would proceed *pro se*. Neither Defendant complied, and on January 12, 2010, the court struck Defendants' answer and directed Plaintiffs to move for entry of default and default judgment by January 28, 2010. On January 25, 2010, Plaintiffs requested entry of default as to each Defendant, which the clerk of the court entered on January 27, 2010.

On January 27, 2010, Mukoro moved for reconsideration and filed an amended answer. This document is signed by himself in a *pro se* capacity and does not purport to be filed on behalf of Mukoro and Associates. Plaintiffs oppose his motion and moved for default judgment against both Defendants on February 1, 2010.

## II.     Motion to Reconsider

Mukoro moves the court to reconsider its January 12, 2010 order striking Defendants' answer. Mukoro states that he was overwhelmed as he shut down his law office to comply with the requirements of the State Bar of Texas. He states that he will proceed *pro se*, and includes his amended answer in the same document.

Plaintiffs oppose Mukoro's motion. They state that his amended answer does not comply with the Federal Rules of Civil Procedure because it is a general denial and that he fails to cite any authority to support his request for relief. They contend that he has not shown that reconsideration

**Memorandum Opinion and Order - Page 2**

is warranted pursuant to Rule 60 of the Federal Rules of Civil Procedure and that he should not be allowed to now comply with the court's order.

The court first notes that the motion is filed by Defendant Mukoro only. Mukoro and Associates has not retained counsel or moved the court to reconsider its order with respect to it. Accordingly, the court will not reconsider its decision with respect to Mukoro and Associates.

With respect to Mukoro, the clerk has already entered default against him. When considering whether to vacate an entry of default, the court must determine if there is good cause to do so. Fed. R. Civ. P. 55(c). In making this determination, the court should consider "whether the default was willful, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) (citation and quotation omitted). The court may also consider "whether the defendant acted expeditiously to correct the default." *Id*. (citation and quotation omitted). The court also notes that:

> [F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant has failed to meet a procedural time requirement. Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.

*Id*. (citations and quotations omitted).

The court determines that Mukoro has provided an explanation for his failure to comply with its December 4, 2009 order and sought reconsideration within a few weeks of its order striking his answer. It finds that his default was not willful, and that there is good cause to vacate the entry of default against him. To do otherwise would be to punish Mukoro for his failure to meet a procedural requirement and the court determines that this case should move forward to be resolved on the

**Memorandum Opinion and Order - Page 3**

merits.  It therefore **grants** his Motion to Reconsider Order Striking Defendant's Original Answer and Amended Defendant's Original Answer.  The court **vacates in part** its January 12, 2010 order with respect to Defendant Mukoro and **vacates in part** the clerk's January 27, 2010 entry of default as to Defendant Mukoro.  The court **directs** Mukoro to file his amended answer within **three business days** of this order.  This order does not affect the court's January 12, 2010 order, or January 27, 2010 entry of default as to Defendant Mukoro and Associates.

    **It is so ordered** this 24th day of February, 2010.

                                                  Sam A. Lindsay
                                                  United States District Judge