IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BETA HEALTH ALLIANCE MD PA and ALLIED GROUP MD PA**, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. **3:09-CV-1401-L** |
| § | |
| **THE MUKORO AND ASSOCIATES LAW FIRM and JOHN O. MUKORO,** § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Entry of Default Judgment, filed February 1, 2010. In their motion, Plaintiffs Beta Health Alliance MD PA and Allied Group MD PA (collectively, "Plaintiffs") seek default judgment against Defendants John O. Mukoro ("Mukoro") and The Mukoro and Associates Law Firm ("Mukoro and Associates"). After carefully considering the motion, record, and applicable law, the court **grants in part** Plaintiffs' Motion for Entry of Default Judgment as to Defendant Mukoro and Associates. To the extent Plaintiffs moved for default judgment against Defendant Mukoro, this motion is **denied as moot**.

**I.   Background**

Plaintiffs filed their Original Complaint on July 29, 2009, asserting claims against Mukoro and Mukoro and Associates. Plaintiffs assert violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), as well as state law claims of professional negligence, breach of written contracts, tortious interference with contract, money had and received, fraud, negligent misrepresentation, breach of duty of good faith and fair dealing and breach of

**Memorandum Opinion and Order - Page 1**

fiduciary duty, theft of services, unjust enrichment, quantum meruit, vicarious liability, and negligence.

Defendants answered on August 24, 2009. Subsequently, Mukoro sent a letter to the court stating that he had been suspended from the State Bar of Texas and thereafter would have a two-year probated suspension. The court ordered Mukoro and Associates to obtain new counsel and directed Mukoro to file a notice stating whether he would obtain new counsel or proceed *pro se*. Neither Defendant complied with the court order, and the court struck Defendants' answer and directed Plaintiffs to move for entry of default and for default judgment against both. The clerk of the court entered default against both Defendants on January 27, 2010, and Plaintiffs filed the instant motion.

Mukoro moved for reconsideration of the court's order striking his answer. The court granted his motion and vacated in part its order striking the answer and the clerk's entry of default as to Defendant Mukoro only. Mukoro then filed his answer on March 2, 2010. No counsel has appeared on behalf of Mukoro and Associates, their answer and defenses remain stricken from the record, and the clerk of the court entered default as to it. Accordingly, the court now considers Plaintiffs' motion as to Defendant Mukoro and Associates only.

## II.  Motion for Default Judgment

Plaintiffs seek default judgment against Mukoro and Associates. Specifically, they request the following relief: (1) $340,416.15 in actual damages; (2) $1,021,248.45 in treble damages pursuant to RICO; (3) $880,832.30 in exemplary damages pursuant to their state law fraud claims; (4) $14,250 in attorney's fees; (5) $510 in costs; and (6) prejudgment and postjudgment interest.

If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1) & (2).

In this case, the court is concerned about entering default judgment against Mukoro and Associates because Plaintiffs have alleged that Defendants conspired together and that they are jointly and severally liable. Plaintiffs' claims against Defendant Mukoro remain pending. While there is no Fifth Circuit authority precisely on point, other courts have held that entering default judgment and awarding damages on conspiracy claims while the alleged coconspirators' claims remain is error. These courts hold that a court may enter default as to liability, but that it should not enter judgment as to damages to prevent inconsistent damages. *See, e.g., Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147-48 (10th Cir. 1985); *Dundee Cement Co. v. Howard Pipes & Concrete Prod., Inc.*, 722 F.2d 1319, 1324 (7th Cir.1983). Plaintiffs have pleaded claims other than RICO conspiracy against Defendant Mukoro and Associates. The court, however, will defer entering judgment as to damages on any claim or the other relief sought by Plaintiffs until the claims against Mukoro have been resolved.

Plaintiffs have established that Mukoro and Associates was properly served and has not answered. The clerk of the court has entered default against it, and the court determines that Mukoro and Associates is not an infant or incompetent person. The court therefore accepts as true the allegations against Mukoro and Associates in Plaintiffs' Original Complaint, and it will enter a default judgment as to liability against it by separate document. Accordingly, the court **grants in part** Plaintiffs' Motion for Entry of Default Judgment. Because the court vacated the entry of

default as to Mukoro and he has now answered, the court **denies as moot** Plaintiffs' motion as to Defendant Mukoro.

    **It is so ordered** this 26th day of April, 2010.

                                                                                Sam A. Lindsay
                                                                                United States District Judge