IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETA HEALTH ALLIANCE MD PA d/b/a MEDCENTRA; ASSOCIATED MEDICAL PROVIDERS; and ALLIED GROUP MD, P.A., | § § § § § | |
| Plaintiffs, | § | No. 3:09-cv-1401-L |
| | § | |
| V. | § | |
| | § | |
| THE MUKORO AND ASSOCIATES LAW FIRM; and JOHN O. MUKORO, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Beta Health Alliance MD PA d/b/a MedCentra has filed a Motion to Appoint a Post-Judgment Receiver Pursuant to Federal Rule 66, *see* Dkt. No. 93, which United States Judge Sam A. Lindsey has referred to the undersigned United States Magistrate Judge for hearing, if necessary, and recommendation, *see* Dkt. No. 96.

Defendants The Mukoro and Associates Law Firm and John O. Mukoro did not file a response to the motion, and the time to do so has passed.

The undersigned heard oral argument on the motion on March 17, 2016, and Defendants did not appear at the hearing. *See* Dkt. No. 98.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the motion to appoint a post-judgment receiver should be granted.

## Background

On May 29, 2012, Plaintiffs Beta Health Alliance MD PA d/b/a/ MedCentra, Associated Medical Providers, and Allied Group MD PA obtained a judgment against Defendants John O. Mukoro ("Mukoro") and The Mukoro and Associates Law Firm for $49,044.37, together with post-judgment interest at the prevailing legal rate until paid, and court costs, which subsequently were taxed in the amount of $1,714.19. *See* Dkt. Nos. 84 & 88.

Defendants have made no payments on the judgment. *See* Dkt. No. 93-1.

On September 7, 2012, the United States Marshal served a writ of execution but was unable to locate any property subject to execution, and the writ was returned nulla bona. *See* Dkt. Nos. 89, 92.

On October 5, 2015, Plaintiff served post-judgment interrogatories on Defendant Mukoro at his last known address, which was obtained from pleadings that Mukoro filed on behalf of a client. *See* Dkt. No. 93 at 11, 93-2. Mukoro did not respond to the interrogatories. *See* Dkt. No. 93-1 at 2.

Plaintiff's attorney has attempted to communicate with Mukoro numerous times, but Mukoro has not provided any information regarding any assets and refused to communicate with Plaintiffs or their attorney. *See id.*

At the time that judgment was entered, Defendant John Mukoro was an attorney and the sole shareholder and only licensed attorney employed by Defendant The Mukoro and Associates Law Firm. *See* Dkt. No. 77 at 1. Plaintiff believes that Mukoro is engaged in representing clients and is in the business of practicing law. As

evidence, Plaintiff provided an original petition in a Harris County, Texas lawsuit that was signed and filed by Mukoro on August 27, 2014, and an appearance of substitute counsel in which Mukoro appeared as counsel in a different Harris County, Texas lawsuit, on June 24, 2015. *See* Dkt. No. 93-2. Plaintiff contends that Mukoro has non-exempt assets that he is refusing to disclose in post-judgment discovery.

Asserting that there is no other adequate remedy available, Plaintiff now seeks the appointment of a receiver and an order requiring Mukoro to turn over all nonexempt property in his possession or under his control to the receiver. Specifically, Plaintiff requests that the Court order Mukoro to turn over all business and personal banking records, shares of stock, negotiable instruments, and other nonexempt property as well as all documents and records related to that property, including without limitation his personal federal income tax returns for 2013, 2014 and 2015.

Plaintiff also requests the appointment of a receiver who is authorized to take possession of Mukoro's non-exempt property, sell it, and pay the proceeds to Plaintiff to the extent required to satisfy the judgment, including the receiver's fees and costs. Plaintiff requests the Court to order Mukoro to pay the receiver 25% of the proceeds recovered during the receivership as compensation for the receiver's services and that the receiver's compensation shall be in addition to the amounts owed under the judgment. Plaintiff also requests that the receiver be allowed to file an oath instead of being required to post a bond. Plaintiff specifically requests that Robert E. Jenkins, of the Jenkins Law Firm, PC in Dallas, Texas, be appointed as the receiver.

Mukoro has not responded to Plaintiff's motion for appointment of a post-

judgment receiver.

## Legal Standards

A federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). The Texas Turnover Statute is a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy. *See Af-Cap, Inc. v. Republic of Congo,* 462 F.3d 417, 426 (5th Cir. 2006) (citing *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex. 1991)). Under the turnover statute, a judgment creditor is "entitled to aid from a court of appropriate jurisdiction ... to obtain satisfaction on the judgement if the judgment debtor owns property ... that (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a).

The turnover statute also provides that the court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." *Id.* §31.002(b)(3). Factors that courts consider to determine the need for a receiver include a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that the property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm. *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241-42

-4-

(5th Cir. 1997) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993)). Moreover, Texas courts of appeal have held that traditional requirements governing the appointment of a receiver are inapplicable in turnover proceedings. *See Colorado Meadowlark Corp. v. Sage Physician Partners, Inc.*, No. 3:11-cv-922-G, 2013 WL 3196434, at *1 (N.D. Tex. June 25, 2013) (citing *Childre v. Great Southwest Life Ins. Co.*, 700 S.W.3d 284, 288 (Tex. App. – Dallas 1985, no writ)).

"The appointment of a receiver is in the sound discretion of the court," and "the form and quantum of evidence required on a motion requesting the appointment of a receiver is a matter of judicial discretion." *Santibanez*, 105 F.3d at 241 (citations omitted).

## Analysis

To be entitled to relief under the Texas Turnover Statute, a judgment creditor need only show that the judgment debtor owns nonexempt property that is not readily subject to ordinary execution. *See World Fuel Services Corp. v. Moorehead*, 229 F. Supp. 2d 584, 585 (N.D. Tex. 2002). Here, the judgment debtor, Mukoro, is an attorney who continued to practice law after the judgment was entered and was still practicing law in June 2015, which suggests that Mukoro has nonexempt property, such as attorneys' fees earned from representing clients, that would be subject to turnover.

Plaintiff's attempts to collect the judgment through traditional methods were unsuccessful. The writ of execution returned nulla bona tends to show that Mukoro's property cannot be attached or levied on by ordinary legal process. *See Colorado Meadowlark Corp.*, 2013 WL 3196434, at *2; *see also Resolution Trust Corp. v. Smith*,

-5-

53 F.3d 72, 78 (5th Cir. 1995) ("Texas courts have noted that '[t]he Turnover Statute only requires that non-exempt property cannot be readily attached.' Neither the statute nor the case law provides a corresponding requirement that the judgment creditor demonstrate that other methods of collecting the judgment have failed." (quoting *Childre*, 700 S.W.2d at 288)). Based on this evidence, the undersigned concludes that Plaintiff is entitled to turnover relief.

The undersigned also concludes that the appointment of a receiver is appropriate. It is undisputed that Plaintiff, the judgment creditor, has a valid claim. And not only was Plaintiff's attempt to levy on or attach Mukoro's property unsuccessful, but Mukoro did not respond to Plaintiff's post-judgment interrogatories sent in aid of collecting the judgment, nor has he responded to Plaintiff's written motion for appointment of a receiver and turnover relief or appeared for oral argument at the hearing on the motion. Mukoro's failure or refusal to participate in post-judgment efforts to collect the judgment, despite evidence that he continues to practice law, suggests the probability that fraudulent conduct has or will occur to frustrate Plaintiff's ability to collect the judgment. *See World Fuel Services Corp.*, 229 F. Supp. 2d at 589 (observing that "*proof of fraud* is not required" (emphasis in original)). It also suggests imminent danger that Mukoro's property will be concealed, lost, or diminished in value. The judgment was based, at least in part, on Mukoro's failure to reimburse plaintiffs from recovered settlement funds. *See* Dkt. Nos. 77 & 78. There is no evidence before the Court indicating that Mukoro could not pay the judgment from the recovered settlement funds at the time that judgment was entered or a subsequent

change in Mukoro's financial condition. Because Plaintiff's attempts to satisfy the judgment have been unsuccessful or thwarted, the appointment of a receiver will do more good than harm.

Accordingly, the undersigned finds that the factors for determining whether appointment of a receiver is necessary militate strongly in favor of the appointment of a receiver and concludes that a receiver should be appointed to take possession of Mukoro's nonexempt property, sell it, and pay the proceeds to Plaintiff to the extent required to satisfy the judgment.

Plaintiff specifically requests that the Court order Mukoro to turn over to the receiver all business and personal banking records, shares of stock, negotiable instruments and other non-exempt property as well as all documents and records related to that property, including without limitation Mukoro's personal federal income tax returns for 2013, 2014 and 2015. The statute does not require the court to identify in the turnover order the specific property subject to turnover. *See Colorado Meadowlark Corp.*, 2013 WL 3196434, at *1. But it does require a factual showing that the judgment debtor has non-exempt property that is not readily subject to ordinary execution. *See Stephenson v. LeBoeuf,* No. 14-2-130-cv, 2003 WL 22097781, at *1 (Tex. App. – Houston [14th Dist.] Sept. 11, 2003, no pet.) (citing *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991)).

In this case, Plaintiff has shown that Mukoro is a practicing attorney who presumably has non-exempt property as a result of his law practice.

"'[T]he turnover statute requires that the debtor own and either possess or

-7-

control the property against which a turnover order issues.'" *Colorado Meadowlark Corp.*, 2015 WL 3196434, at *1 (quoting *Parks v. Parker*, 957 S.W.2d 666, 670 (Tex. App. – Austin 1997, no writ)). The court may reach assets in the hands of third parties if the debtor retains control of those assets. *See Santibanez*, 105 F.3d at 239. The judgment creditor has the burden of tracing assets to the judgment debtor. Once the creditor makes this showing, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show the assets are exempt or otherwise account for them. *See Colorado Meadowlark Corp.*, 2015 WL 3196434, at *1 (citations omitted).

The turnover statute is purely procedural and does not provide for the determination of substantive rights. *See Resolution Trust Corp.*, 53 F.3d at 77. "'The purpose of the turnover proceeding is merely to ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control.'" *Id.* (quoting *Beaumont Bank, N.A.*, 806 S.W.2d at 227).

Because of Mukoro's failure to respond to post-judgment discovery or to participate in the post-judgment proceedings, the undersigned finds that it is reasonable to require Mukoro to turn over to the receiver all business and personal banking records, shares of stock, negotiable instruments, and other non-exempt property as well as all documents and records related to that property, including without limitation Mukoro's personal federal income tax returns for 2013, 2014 and 2015, to enable the receiver to identify the non-exempt property in Mukoro's possession or subject to his control.

More specifically, the Court should order that the receiver has the power and authority to take possession of all of Mukoro's non-exempt leviable property, real and personal, including, but not limited to the following non-exempt property: (a) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of Mukoro; (b) funds in all financial accounts (bank accounts), certificates of deposit, money-market accounts, and accounts held by any third party, including joint accounts; (c) all securities; (d) all real property or personal property, including vehicles, boats, and planes; (e) all safety deposit boxes or vaults; (f) all cash; (g) all negotiable instruments, including promissory notes, drafts, and checks; (h) causes of action or contingent interest in causes of action or choses of action; (i) contract rights, whether present or future, including contingent fee interest in legal matters; (j) accounts receivable; and (k) intangible property and intellectual property rights, including but not limited to telephone numbers, websites, domain names, patents, copyrights, trademarks, and assumed names; and that all such property shall be held in custodia legis of the receiver as of the date of the Court's order.

Likewise, the Court should order that the receiver have the additional rights, authority, and powers, with respect to Mukoro's property, to: (a) collect all accounts receivable; (b) obtain Mukoro's credit information and credit reports; (c) endorse and cash all checks and negotiable instruments payable to Mukoro, except paychecks for current wages; (d) hire a real estate broker to sell any real property and mineral interest belonging to Mukoro; (e) insure (but not the obligation to insure) Mukoro's

property; (f) obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to Mukoro; (g) obtain from any landlord, building owner, or building manager where Mukoro or Mukoro's business is a tenant copies of Mukoro's lease, lease application, credit application, and payment history and copies of Mukoro's checks for rent or other payments; (h) hire any person or company necessary to accomplish any right or power under the Court's order; (i) take all action necessary to gain access to all storage facilities, safe deposit boxes, real property, and leased premises wherein property of Mukoro may be situated, and to review and obtain copies of all documents related to same; (j) obtain Mukoro's tax returns and transcripts of tax returns from the IRS; and (k) take all action necessary to gain full control of Mukoro's domain names and websites – and further that all domain names registered in Mukoro's name be, on the receiver's request, immediately registered in the receiver's name and, upon the receiver's request, transferred to the receiver's domain name management account.

But, absent further order of the Court, the undersigned recommends that the Court should order that the receiver does not have the power and authority to take possession of, and Mukoro is not required to turn over, any attorney-client privileged information or communications or attorney work product in connection with Mukoro's representation of any client.

To effectuate the receiver's ability to collect monies and property to satisfy the judgment, the Court should further order that any Sheriff or Constable or U.S. Marshal, and their deputies, and any other peace officers, are directed and ordered to

assist the receiver in carrying out his duties and exercising his powers under the Court's order and prevent any person from interfering with the receiver in taking control and possession of Mukoro's property and that the receiver is authorized to direct any Constable or Sheriff or U.S. Marshal to seize and sell property under a writ of execution. The Court should likewise order that the receiver has the right, authority, and power to request and obtain from providers of utilities, telecommunications, telephone, cell phone, cable, Internet, data services, Internet web hosts, satellite television services, and all similar services, and to compel the production of, any information regarding Mukoro's payments, payment history, and financial information, including account information, telephone numbers, names, service addresses, call records, payment records, and bank and credit card information and that the Court's order serves as the court order required by 47 U.S.C. § 551 and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer.

With regard to the required turnover of documents, the Court should order Mukoro to immediately turn over to the receiver, within five days from receipt of a copy of the Court's order, copies for the preceding 36 months of Mukoro's bank statements; passbooks, and other bank or financial institution records; federal income and state franchise tax returns; state sales tax reports; business journals, ledgers, accounts payable files, and accounts receivable files; motor vehicle certificates of title; real property deeds and deeds of trust; and credit applications, balance sheets, financial statements, and other documents stating Mukoro's financial condition, together with

all documents and financial records which may be requested by the receiver, as well as all checks, cash, securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of Mukoro. The Court should further order Mukoro to continue, until the judgment and the receiver's fee and expenses are fully paid, to turn over to the receiver at the receiver's address all of Mukoro's checks, cash, securities, promissory notes, documents of title, and contracts within three days from receipt of that property.

Plaintiff requests that Robert E. Jenkins of the Jenkins Law Firm, PC, be appointed as the receiver. Based on the evidence provided to the Court, the undersigned finds that Mr. Jenkins is qualified to serve as a receiver. Mr. Jenkins is a full-time post-judgment turnover receiver and is experienced in the recovery of non-exempt assets. Furthermore, the evidence does not reveal a conflict that would preclude Mr. Jenkins from serving as a receiver in the case. Accordingly, the undersigned recommends that the Court appoint Robert. E. Jenkins as the receiver to take possession of Mukoro's nonexempt property, sell it, and pay the proceeds to Plaintiff to the extent required to satisfy the judgment. The Court should further order that the receiver not disburse to Plaintiff funds or proceeds from property sold by the receiver without Mukoro's written consent or a court order.

Plaintiff also requests that the Court order Mukoro to pay the receiver 25% of the proceeds recovered during the receivership to the receiver as compensation for the receiver's services and that the amount paid to the receiver be in addition to the amounts owed to Plaintiff. Receiver's fees are considered court costs and are governed

by rules regarding the award of costs. *See Evans v. Frost Nat'l Bank*, No. 05-12-01491-CV, 2015 WL 4736543, at *5 (Tex. App. – Dallas Aug. 11, 2015, no pet.) (citing *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 293 (1959)). As a general rule, the expenses and costs of a receivership are charged to the property or fund administered. *See Netsphere, Inc. v. Baron*, 703 F.3d 296, 311 (5th Cir. 2012).

A reasonable fee is based on all circumstances surrounding the receivership, and the Court may consider all of the factors involved in a particular receivership in determining the appropriate fee. *See S.E.C. v. Striker Petroleum, LLC*, No. 3:09-cv-2304-D, 2012 WL 685333, at *3 (N.D. Tex. Mar. 2, 2012). In determining the amount of the receiver's compensation, "due consideration should be given to the amount realized, as well as the labor and skill needed or expended, and other circumstances having a bearing on the value of the services." *Id.* (quoting *City of New Orleans v. Malone*, 12 F.3d 17, 19 (5th Cir. 1926)).

The undersigned finds that a receiver fee in the amount of 25% of the proceeds recovered during the receivership is a fair, reasonable, and necessary fee for the receiver. *See Striker Petroleum, LLC,* 2012 WL 685333, at *4 (collecting cases awarding receiver's fees of 15%, 22.4% and 30% of the total recovery); *see also, e.g.*, *Sheikh v. Sheikh*, 248 S.W.3d 381, 386 (Tex. App. – Houston [1st Dist.] 2007, no pet.); *Moyer v. Moyer*, 183 S.W.3d 48, 57 (Tex. App. – Dallas 2005, no writ) (25% of all proceeds coming into receiver's possession). The undersigned also finds that the receiver's fee should be in addition to the amounts owing under the judgment.

Plaintiff also requests that the receiver not be required to post a bond because

the underlying obligation has been determined by final judgment and the judgment debtor will not be harmed if no bond is required. *See Childre*, 700 S.W.2d at 288 (quoting David Hittner, *Texas Post-Judgment Turnover & Receivership Statutes*, 45 TEX. BAR. J. 417, 420 (April 1982)). The decision whether to require a bond is within the discretion of the trial court. *See id.* The undersigned finds that, under the circumstances of this case, the receiver should not be required to post a cash bond. But the receiver should be ordered to file an oath that he will faithfully execute the duties of a receiver as set forth in the Court's order.

Finally, Plaintiff requests an award of $500.00 in attorney's fees for preparing, filing, and presenting this motion and obtaining an order. The turnover statute allows a judgment creditor to recover reasonable costs, including attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(e). The Court has discretion whether to award attorney's fees in a turnover proceeding. *See World Fuel Services Corp.*, 229 F. Supp. 2d at 598; *see also Marre v. United States*, 117 F.3d 297, 309 (5th Cir. 1997) ("Attorneys' fees are mandatory under the turnover statute if the evidence shows that the judgment creditor was successful in obtaining turnover relief and the attorneys' fees and costs are reasonable."). The court may consider a number of factors, including: (1) the nature and complexity of the case; (2) the amount in controversy; (3) the amount of time and effort required; and (4) the expertise of counsel. *See World Fuel Services, Corp.*, 229 F. Supp. 2d at 598.

The undersigned concludes that Plaintiff should be awarded costs and attorneys' fees. The parties should be directed to confer in an attempt to agree on a reasonable

fee. If this issue cannot be resolved by agreement, Plaintiff may file an application for fees and costs within 14 days after the date on which this recommendation is approved by Judge Lindsay. *See* FED. R. CIV. P. 54(d).

## Recommendation

Plaintiff Beta Health Alliance MC PA d/b/a MedCentra's Motion to Appoint a Post-Judgement Receiver Pursuant to Federal Rule 66 [Dkt. No. 93] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 16, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE