IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETA HEALTH ALLIANCE MD PA d/b/a MEDCENTRA; ASSOCIATED MEDICAL PROVIDERS; AND ALLIED GROUP MD, PA, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:09-CV-1401-L** |
| THE MUKORO AND ASSOCIATES LAW FIRM AND JOHN O. MUKORO, | § § § § | |
| Defendants. | § | |

## ORDER

Before the court is Plaintiff's Motion to Appoint a Post-Judgment Receiver Pursuant to Federal Rule 66 (Doc. 93) ("Motion" or "Motion to Appoint a Receiver") , filed January 22, 2016; and Plaintiff's Motion to Enter an Order on the Motion to Appoint a Post-Judgment Receiver (Doc. 101), filed July 22, 2016. On May 16, 2016, United States Magistrate Judge David L. Horan ("Judge Horan") entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 100), recommending that the court grant the Motion (Doc. 93). Defendants did not file a response to the Motion or appear at the hearing conducted by Judge Horan on March 17, 2016. After considering the Motion, Report, and record in this case, the court **denies without prejudice** Plaintiff's Motion to Appoint a Post-Judgment Receiver Pursuant to Federal Rule 66 (Doc. 93), **rejects as moot** the Report, and **denies as moot** Plaintiff's Motion to Enter an Order on the Motion to Appoint a Post-Judgment Receiver (Doc. 101).

Order – Page 1

In its Motion, judgment creditor Plaintiff Beta Health Alliance MD PA d/b/a/ MedCentra ("Beta Health") requests that the court appoint a receiver to aid in collecting the debt owed under the judgment entered in this case on May 29, 2012, in favor of Beta Health; Associated Medical Providers; and Allied Group MD PA (collectively, "Plaintiffs") against Defendant John O. Mukoro ("Mukoro") and The Mukoro and Associates Law Firm ("Mukuro Law Firm") for $49,044.37, together with postjudgment interest and court costs, which subsequently were taxed in the amount of $1,714.19. The Motion to Appoint a Receiver was filed only by Beta Health, and Valerie Hulse states in her affidavit that she is "the attorney for Plaintiff Beta Health," that the judgment was entered in favor of "Plaintiff Beta Health," and that appointment of a turnover order and receiver is being sought because Mukoro has refused to communicate with her or "the Plaintiff." Ex. 1 to Pl.'s Mot. (Doc. 93-1). Thus, it appears that postjudgment relief is being sought only on behalf of Beta Health, although the judgment was entered in favor of all three Plaintiffs. Beta Health, however, refers to itself interchangeably as "Plaintiff" and "Plaintiffs" so it is not entirely clear whether Beta Health is seeking the appointment of a receiver on its own behalf or on behalf of all Plaintiffs to recover the total amount due under the judgment. It is also unclear whether Beta Health has authority to recover the entire amount owed under judgment for itself or act on behalf of the other Plaintiffs. Accordingly, out of an abundance of caution, the court **denies without prejudice** Plaintiff's Motion to Appoint a Post-Judgment Receiver Pursuant to Federal Rule 66 (Doc. 93), **rejects as moot** the Report, and **denies as moot** Plaintiff's Motion to Enter an Order on the Motion to Appoint a Post-Judgment Receiver (Doc. 101).

**It is so ordered** this 28th day of September, 2016.

                                                              Sam A. Lindsay
                                                              United States District Judge